UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL C. ROSSER, JR., <br><br> Plaintiff, <br><br> v. <br><br> FERNDALE SCHOOL DISTRICT NO. 502, *et al.*, <br><br> Defendants. | CASE NO. 2:23-cv-01024-RSL <br><br> ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)." Dkt. # 12. The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)[1]. In making this determination, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or

---

[1] The "no set of facts" standard enunciated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and on which plaintiff relies, was rejected in *Twombly*, 550 U.S. at 546.

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 1

matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the memoranda submitted by the parties[2] as well as plaintiff's complaint, the Court finds as follows:

---

[2] Plaintiff's various requests to strike statements from defendants' motion are DENIED.

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 2

# BACKGROUND

Plaintiff alleges that he was discriminated against because of his religion and military veteran status in violation of Title VII of the Civil Rights Act of 1964, the Fourteenth Amendment, RCW 9A.72, and RCW 19.36. Dkt. # 5 at 3-4. In particular, he alleges that he suffered harassment and discrimination while employed as the Director of Transportation for the Ferndale School District "due to a difference of firmly held beliefs." Dkt. # 5 at 5. He was ultimately "forced to resign or be fired for not wearing a face covering in such manner as was considered adequate" by defendants. *Id.* In a charge filed with the Washington State Human Rights Commission, plaintiff asserted that his termination occurred three days after he had requested information from the human resources director regarding the process for requesting a religious exemption from the COVID-19 vaccination requirement. Dkt. # 5 at 10. He also asserted that he complied with the COVID-19 mask mandates to the best of his ability and against his "own beliefs and medical best interests," that the allegations of non-compliance leveled against him by his supervisor were false, and that he believes he "was discriminated and retaliated against due to [his] firmly held religious and constitutional beliefs." *Id.* Plaintiff alleges that his termination was arbitrary and capricious and has caused financial difficulties. Dkt. # 5 at 5 and 7.[3]

---

[3] Plaintiff also states that the termination breached his contract with the Ferndale School District, but he provides no information regarding the terms of the contract or the conduct that constituted a breach. Dkt. # 5 at 5.

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 3

With regards to his retaliation claim, plaintiff alleges that his employer punished him for actions he took after his employment ended. Plaintiff asserts that he was subjected to adverse actions because he filed a post-termination charge with the Equal Employment Opportunity Commission and because his wife spoke out at a public meeting regarding defendants' discriminatory and unethical behavior. Dkt. # 5 at 5. In particular, plaintiff alleges that his supervisor put an unsigned, undated, unfavorable, and untrue evaluation into plaintiff's work records after his separation and that defendants provided "fraudulent information" to the Washington Employment Security Department which deprived plaintiff of his "rightfully due unemployment benefits." Dkt. # 5 at 7.

The Court takes judicial notice of the fact that the conduct of which plaintiff complains occurred during the COVID-19 pandemic. At the time of his termination in September 2021, Governor Jay Inslee had issued Proclamation 20.25.15, reinstating prohibitions against use of indoor spaces without the use of a face covering. *See* https://governor.wa.gov/office-governor/office/official-actions/proclamations?page=3; *Denis v. Ige*, 538 F. Supp. 3d 1063, 1068-69 (D. Haw. 2021) (taking judicial notice of public health statements and emergency proclamations published on the internet).

## DISCUSSION

A. Discrimination

In order to raise a plausible claim under Title VII, plaintiff must allege facts that give rise to an inference of unlawful discrimination. The inference can arise from allegations that defendants manifested bias or discriminatory intent – such as comments

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 4

about religion by the decisionmaker -- or from allegations which, taken together, suggest that religion was the motivating factor in the adverse employment action. In the Title VII context, if a plaintiff alleges that (1) he belongs to a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) other employees with qualifications similar to his own were treated more favorably, courts are willing to presume that unlawful discrimination was at work. *Peterson v. Hewlet-Packard Co.*, 358 F.2d 500, 603 (9th Cir. 2004).

Plaintiff has not alleged any direct evidence of discriminatory intent. There is no indication that defendants ever remarked on or mentioned plaintiff's religion or military status, that plaintiff explained the religious nature of his opposition or sought an exemption from the mask mandate, or that either attribute played a role in defendants' enforcement of the mask mandate. The only factual assertion tying religion to plaintiff's employment in any way is the allegation that plaintiff emailed the Director of Human Resources with questions regarding the process for obtaining an exemption from the COVID-19 vaccination requirement on behalf of himself and other employees. Dkt. # 5 at 10. But that inquiry did not involve the mask mandate, and there is nothing to suggest that defendants were on notice that plaintiff had a religious objection to wearing a face covering. Nor are there any allegations suggesting that the HR Director to whom the vaccination exemption inquiry was sent notified plaintiff's supervisor of the inquiry or was otherwise involved in the decision to force plaintiff to resign. The inquiry does not raise a plausible inference that plaintiff's supervisor terminated his employment because of his religion (or military

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 5

status). In the absence of direct evidence of discriminatory intent, plaintiff must allege sufficient facts that give rise to a plausible inference that religion or military status motivated the termination.

Plaintiff has not met this burden. First, he does not plausibly allege a *bona fide* religious belief that conflicts with the requirement that he wear a mask. *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). He alleges that, although he had objections to his employer's mask requirement, he complied to "the very best of [his] professional ability" and "earnestly enforce[ed] mask guidelines amongst the fifty (50) staff" he supervised. Dkt. # 5 at 10. Rather than raise a religious objection to the mask requirement whenever he was reprimanded for failing to comply, plaintiff instead wrote "written apologies" and made more of an effort to comply with and enforce the masking protocols. Dkt. # 20 at 13. If plaintiff held a religious belief that conflicts with wearing a mask, it is not apparent from the allegations of the complaint.[4]

Nor has plaintiff alleged any facts that would suggest that he was treated less favorably than any other director-level employee who was repeatedly admonished for failing to comply with the mask mandate. Plaintiff has not identified any similarly situated employee who was treated differently. In opposition to defendants' motion to dismiss,

---

[4] In his opposition memorandum, plaintiff clarified that he had constitutional objections to his employer's "forced testing, vaccine & mask mandates" and a firmly held religious opposition to "enforcing unwanted and/or unnecessary medical procedures." Dkt # 20 at 4. Again, the belief that is defined as religious in nature touches on medical procedures (*i.e.*, testing and vaccination) rather than masking. Plaintiff goes on to explain that his firmly held religious beliefs encompass "all manner of constitutional, moral & ethical considerations, including, but not limited to, for example, bodily sovereignty, healing, honesty, and principals of leadership." Dkt. # 20 at 10. This sweeping description of plaintiff's religion is not in the complaint, nor is it clear how wearing a mask to protect public health runs afoul of these tenets.

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 6

Case 2:23-cv-01024-RSL   Document 25   Filed 03/29/24   Page 7 of 11

plaintiff generally argues that he complied with the mask mandate to the same extent as all of his peers, but that he was singled-out for censure. Dkt. # 20 at 12-13. There are no such allegations in the complaint, however. The absence of allegations suggesting a *bona fide* religious objection to face coverings and/or that other directors who failed to comply with the mask mandate were treated more favorably makes an inference of unlawful discrimination unreasonable.

A careful reading of plaintiff's opposition memorandum suggests that he may be attempting to assert a claim for unintentional or unknowing religious discrimination. He asserts that he viewed the COVID-19 restrictions and mandates very differently from his peers, a difference of opinion that became readily apparent with the implementation of the COVID-19 protocols in the Ferndale School District. Plaintiff asserts that his supervisor, knowing that plaintiff was unconvinced that masks were constitutional or necessary, micro-managed his compliance with the pandemic protocols, leading to repeated warnings for perceived failures and, ultimately, plaintiff's termination. Plaintiff argues that, because his different beliefs about the COVID-19 protocols were driven by his religion, the adverse employment actions he suffered must therefore have been based on his religion (despite the fact that defendants had no reason to suspect that religious beliefs or practices were at issue).[5]

---

[5] In the alternative, plaintiff may be arguing that while he did not have a firmly held religious belief that conflicted with the mask mandate, his supervisor "clearly considered *Covid* to be a *religious belief*" and punished plaintiff for not believing as he did. Dkt. # 20 at 15 (emphasis in original). Plaintiff does not get to declare what another individual holds sacrosanct or considers part of his or her religion, nor has he alleged this theory in his complaint. The facts alleged support the equally, if not more, plausible inference that plaintiff's supervisor agreed with and was enforcing

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 7

Title VII makes it an "unlawful employment practice for an employer[6] ... to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion ...." 42 U.S.C. § 2000e–2(a)(1). As used in the statute, "because of" means that a protected characteristic was a motivating factor in an employment decision. *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015). While there is no separate requirement that the employer know that a particular practice or belief is religious,[7] "it is arguable that the motive requirement itself is not met unless the employer at least suspects that the practice in question is a religious practice—*i.e.*, that he cannot discriminate 'because of' a 'religious practice' unless he knows or suspects it to be a religious practice." *Id.* at 774 n.3. Such is the case here. During 2020 and 2021, there were a number of reasons why individuals objected to mandatory lockdowns, face coverings, and/or vaccinations. Where there was a recognized likelihood that these practices could engender a religious objection, such as with regards to the vaccination requirement, employers generally provided an opportunity to seek a workplace exemption. Plaintiff

---

the mandates of public health officials, the Governor, and his employer in a workplace where one member of the administrative team had made it clear that he did not believe compliance was constitutional or necessary.

[6] Co-workers and supervisors cannot be held liable under Title VII, which, by its own terms, applies only to employers. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993); *Arthur v. Whitman Cnty.*, 24 F. Supp. 3d 1024, 1038 (E.D. Wash. 2014). The Title VII claims against defendants Fairbairn and Deebach are therefore DISMISSED.

[7] As the Supreme Court explains, "[m]otive and knowledge are separate concepts. An employer who has actual knowledge of the need for an accommodation does not violate Title VII by refusing to hire an applicant if avoiding that accommodation is not his motive. Conversely, an employer who acts with the motive of avoiding accommodation may violate Title VII even if he has no more than an unsubstantiated suspicion that accommodation would be needed." *Id*. at 773.

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 8

neither took advantage of that procedure nor informed defendants at any point in the discipline process that he could not wear a mask because of his religious beliefs. In the absence of a claim for a religious exemption or any facts suggesting that plaintiff's supervisor understood or suspected that plaintiff's failure to wear a face covering was a manifestation of a religious belief or practice, it would be illogical to infer that the employer was motivated by plaintiff's religion.

### B. Retaliation

Plaintiff alleges that he filed a discrimination charge with the EEOC and that his wife spoke publicly about what they perceived to be defendants' discriminatory and unethical conduct in the period following his resignation/termination. Plaintiff asserts that defendants retaliated against him for his complaints: his supervisor put a negative evaluation into plaintiff's personnel file and defendants provided fraudulent information to the Washington Employment Security Department to deprive him of unemployment benefits.

A claim of retaliation involves a showing that plaintiff engaged in activity protected by Title VII, he suffered an adverse employment action, and the adverse employment action was causally related to plaintiff's exercise of protected rights. For purposes of a retaliation claim, "adverse employment action" means "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000) (quoting EEOC Compliance Manual Section 8, "Retaliation," ¶ 8008 (1998). Defendants

do not squarely address this claim in their motion, instead treating plaintiff's retaliation claim as if the adverse employment action at issue were his termination. Because defendants have not shown that the retaliation claim as alleged does not state a plausible claim for relief, the claim may proceed.

### C. Fourteenth Amendment

Defendants moved to dismiss plaintiff's Fourteenth Amendment claims because (1) he cites no statutory basis for a constitutional claim, (2) plaintiff has failed to adequately allege a discriminatory purpose, and (3) any constitutional claim against the Ferndale School District fails because there are no allegations of an official policy, practice, or custom behind the alleged deprivations of due process and/or equal protection. Plaintiff alleges that his termination was arbitrary and capricious because it was abrupt and discriminatory. As discussed above, plaintiff has not adequately alleged discrimination. Nor has he shown that there was any procedural unfairness in the termination process or substantive error in the termination decision. Plaintiff did not address this claim in his opposition. It is, therefore, DISMISSED.

### D. State Law Claims

Other than a citation to two state statutes relating to perjury in and interference with official proceedings (RCW 9A.72) and contracts and credit agreements (RCW 19.36), plaintiff offers no facts or argument explaining the how these statutes relate to his situation. Any claims asserted under these statutes are DISMISSED.

ORDER GRANTING IN PART DEFENDANTS' MOTION
TO DISMISS - 10

E. **Leave to Amend**

Although most of plaintiff's claims will be dismissed as a result of this Order, the retaliation claim remains, and this litigation continues. In this context, leave to amend will not be blindly granted. If plaintiff believes he can, consistent with his Rule 11 obligations, amend the complaint to allege facts that remedy the pleading and legal deficiencies identified above, he may file a motion to amend and attach a proposed pleading for the Court's consideration.

## Conclusion

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 12) is GRANTED in part and DENIED in part. The crux of plaintiff's complaint – that his employer was motivated by plaintiff's religion and/or military status when it terminated plaintiff's employment – is unsupported by any factual allegations. Plaintiff's discrimination claim, Fourteenth Amendment claims, and state law claims are hereby DISMISSED. His retaliation claim may proceed.

Dated this 29th day of March, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge