UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL C. ROSSER, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>FERNDALE SCHOOL DISTRICT NO. 502, *et al.*,<br><br>    Defendants. | CASE NO. 2:23-cv-01024-RSL<br><br>ORDER DENYING APPLICATION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's "Application for Court-Appointed Counsel in Title VII Action." Dkt. # 24.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment of counsel must show indigency.

Plaintiff has been granted leave to proceed *in forma pauperis*, so the indigency requirement is satisfied. However, as discussed in the Court's order on defendants' motion to dismiss, plaintiff cannot succeed on the merits of his Title VII discrimination claim because the facts surrounding his termination do not support an inference that his employer was motivated by plaintiff's religion and/or military status.[1] Although the law surrounding the intersection between religion and COVID-19 mandates is multi-faceted, plaintiff has proven himself capable of presenting facts and morphing his arguments to address the points made by defendants. The problem is that the facts necessary to set forth a viable discrimination claim apparently don't exist, a problem which would not be remedied through the appointment of counsel.

With regards to plaintiff's retaliation claim, neither the law nor the facts are particularly complex.

//

//

---

[1] Plaintiff did not oppose dismissal of the Fourteenth Amendment and state statutory claims.

ORDER DENYING APPLICATION FOR APPOINTMENT
OF COUNSEL - 2

For all of the foregoing reasons, plaintiff has not shown the sort of exceptional circumstances that justify appointment of counsel at the public's expense. The application for court-appointed counsel is, therefore, DENIED.[2]

Dated this 22nd day of April, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] The Court would like to take this opportunity to express its sincere condolences for plaintiff's loss.

ORDER DENYING APPLICATION FOR APPOINTMENT OF COUNSEL - 3